UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CNH AMERICA, LLC,

    Plaintiff/Counter-Defendant,

                                                              Civil No. 06-10495
                                                               Hon. John Feikens
    v.

VENTURE INDUSTRIES CORP.,
JP MORGAN CHASE BANK,

    Defendants/Counter-Plaintiffs.

_____/

In re:

NM HOLDINGS CO., L. L. C.,                              Case No. 03-48946
                                                                 Chapter 11 proceeding

    Debtor-in-Possession.

_____/

## **OPINION AND ORDER DENYING REQUEST TO WITHDRAW REFERENCE**

    CNH America, LLC (CNH) asks that this Court withdraw the reference to the bankruptcy court. For the reasons below, I DENY this motion to withdraw and allow this dispute to continue in the bankruptcy court.

**FACTUAL BACKGROUND**

    The debtor in the bankruptcy action performs some tool and dye work within the auto industry. (JP Morgan Br. 1.) CNH was buying some parts from the debtor, and to facilitate that arrangement, allegedly loaned the debtor particular dyes and other equipment (collectively, the "Tooling"). (CNH Br. 1-2; JP Morgan Br. 3.) The debtor was unable to complete the work and subcontracted it out, yet failed to pay the subcontractor. (CNH Br. 3; JP Morgan Br. 4.)

Allegedly, CNH paid the subcontractor directly, and refused to pay the debtor the sums billed, and as a result, the debtor refused to release the Tooling.  (CNH Br. at 3-4.)  Pursuant to a motion brought by CNH and some counterclaims by the debtor, the bankruptcy court issued an order in June of 2004 requiring that the Tooling be returned to CNH, but CNH was required to present the debtor with a letter of credit in the amount of $657,816, which it did.  (JP Morgan Br. 2.)

JP Morgan is involved because it has a lien on the debtor's property.  (JP Morgan Br. 3.)  Therefore, the parties stipulated to an order substituting it for the debtor in this particular dispute on November 10, 2005.  A month later, CNH moved to have this dispute removed, and JP Morgan opposes that motion now.

**ANALYSIS**

Normally a bankruptcy court hears most matters associated with bankruptcy.  However, there are limited circumstances in which it is mandatory that a district court hear a particular dispute, and other cases in which it is a matter of discretion for the court.  In this case, CNH is arguing this Court must withdraw this case from the bankruptcy court, because it is entitled to a jury.  28 U.S.C. § 157(e) (bankruptcy court can only hear a jury trial with "express consent of all the parties"); Matter of Grabill Corp., 967 F.2d 1152, 1156 (7th Cir. 1992) (holding that withdrawal to a district court must be permitted when a jury trial is required; the holding preceded § 157(e)).  In the alternative, CNH argues this Court should exercise its discretion to hear this dispute because it is a non-core proceeding.

**A. Mandatory Withdrawal: Right to a Jury**

CNH argues that it has a Seventh Amendment right to a jury trial.  However, CNH

waived its right to a jury by filing its motion to withdraw months after filing a claim against the estate, and even several weeks after JP Morgan was substituted in for the debtor by stipulation. Local Bankruptcy Rule 9015-1 provides that "[a] party who demands a jury trial shall be deemed to have consented to the bankruptcy judge conducting the jury trial unless, concurrently with the filing of the jury demand, the demanding party files a motion to withdraw the reference." CNH fails to allege that it ever filed a jury demand in bankruptcy court, and the filing of a proceeding in a bankruptcy case without such a demand is usually taken as a wavier of the right to a jury trial. Mid Am. Concrete Constr. v. Sears Roebuck & Co., 1993 U.S. Dist. LEXIS 6197, 1993 WL 177140 at 2 (N.D. Ill. 1993); Brownlee v. Joe Cotton Ford, Inc., 1999 U.S. Dist. LEXIS 1348, 1999 WL 65053 at 3 (D. Ill. 1999). In addition, if CNH did make a jury demand as part of the initial filing, it failed to file a motion to withdraw the reference at that time. Therefore, unless something that later occurred gave CNH a second bite at the apple, the failure to follow this rule means CNH waived its right to a jury trial in this Court.

The only procedural development in the case that CNH appears to rely on for the proposition that it has not waived its right to a jury is the substitution of JP Morgan for the original debtor in this case. This occurred by stipulation on November 5, 2005. It was not until December 13, 2005 that CNH made the motion to withdraw the reference. Therefore, even if the change of parties by stipulation gave CNH a second opportunity to demand a jury and move to withdraw the reference (a dubious prospect),[1] CNH failed to file its jury demand concurrently with its motion to withdraw the reference, and therefore, under Local Bankruptcy Rule 9015-1,

---

[1] Courts have normally allowed a new claim for a jury trial to override a previous waiver only when new issues are added to a case. See Orlick v. Kozyak (In re Fin. Federated Title & Trust, Inc.), 309 F.3d 1325, 1329 (11th Cir. 2002).

CNH would still have waived its right to a jury. Therefore, I find I am not required to withdraw the reference.

**B. Discretionary Withdrawal for "Cause Shown"**

A district court may withdraw a case from the bankruptcy court "for cause shown."  28 U.S.C. § 157(d).  There is a presumption that bankruptcy proceedings should be adjudicated in bankruptcy court, and there are six factors a court should consider when weighing removal: "(1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors." In re Burger Boys, 94 F.3d 755, 762 (2d Cir. 1996);  Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989) (citations omitted).  Courts have held the most important factor is whether or not the proceeding is a core proceeding.  In re Corporacion de Servicios Medico Hospitalarios de Fajardo, 227 B.R. 763 (D. P.R. 1998); Artra Group v. Salomon Bros. Holding Co. (In re Emerald Acquisition Corp.), 170 B.R. 632, 646 (D. Ill. 1994).

CNH argues this is not a core proceeding under 28 U.S.C. § 157(b)(2).  I disagree.  This dispute began its life as a "counterclaim[] by the estate against persons filing claims against the estate," a defined core proceeding.  28 U.S.C. § 157(b)(2)(C).  CNH is apparently arguing that the stipulation to substitute JP Morgan for the debtor changed the nature of the dispute.  All the issues are identical, and the interests of JP Morgan match those of the debtor; assuming the debtor had remained a party and won, it would have immediately had to turn over the Tooling to JP Morgan.  Thus, the substitution changed nothing about the essential facts or law of the dispute.

There are other statutory sections that indicate this is a core proceeding, in addition to the obvious one above. The bankruptcy court has not determined whether the Tooling at the heart of the dispute between JP Morgan and CNH is or is not an "asset[] of the estate" or whether the letter of credit CNH gave as part of the initial order to "turn over property of the estate" may be called in. 28 U.S.C. §§ 157(b)(2)(O) and (E). As the statutory definitions indicate, disputes that involve either of these situations are core proceedings. In short, only a highly technical reading of the statute that ignored the history or the underlying nature of the claim can produce the result of finding this proceeding to be "non-core," as CNH urges.

The other factors also weigh against withdrawal. This case has already been proceeding in bankruptcy court, so the amount of delay, the efficient use of judicial resources, uniformity, and forum shopping all indicate it would be best left in bankruptcy court.

**CONCLUSION**

As CNH has waived its right to a jury trial, and as the factors for permissive withdrawal weigh heavily in favor of allowing the bankruptcy court to continue to oversee this dispute, I DENY the motion to withdraw the reference.

**IT IS SO ORDERED.**

Date:  May 22, 2006                             s/John Feikens
                                                United States District Judge

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on May 22, 2006, by U.S. first class mail or electronic means.

                                s/Carol Cohron
                                Case Manager